UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAYWOOD JONES,

          Petitioner,          CASE NO. 4:24-CV-10301
                              F. Kay Behm
v.                            U.S. District Judge

DOUGLAS ADAMS,[1]

          Respondent.

_____/

**OPINION AND ORDER
DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Haywood Jones, ("Petitioner"), incarcerated at the Muskegon Correctional

Facility in Muskegon, Michigan, filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree

criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(f). For the reasons that

follow, the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

### I. Background

Petitioner was convicted following a jury trial in the St. Clair County Circuit

Court. This Court recites verbatim the relevant facts relied upon by the Michigan

---

[1] The Court orders that the caption in this case be amended to reflect that the proper respondent in this case is now Douglas Adams, the warden of the prison where Petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), 28 foll. U.S.C. § 2254.

Court of Appeals in affirming Petitioner's conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This appeal arose following a jury verdict convicting defendant of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f) (sexual penetration by force or coercion causing injury to victim). The victim stated that she and defendant were engaging in consensual vaginal and oral sex when defendant, against her wishes, grabbed her, then turned her over and began penetrating her anus. The victim had previously made clear to defendant that she would not consent to anal sex, and she immediately began crying out once defendant initiated this unwelcome contact. She eventually reported this incident to police and underwent a medical examination, which revealed that she suffered a 1-centimeter tear in her anus from the incident. Defendant testified in his own defense, claiming that the anal penetration that occurred was merely an accidental contact and that he was really just trying to reinsert his penis in the victim's vagina during consensual sex.

*People v. Jones*, No. 352698, 2022 WL 723214, at *1 (Mich. Ct. App. Mar. 10, 2022), *lv. den.*, 513 Mich. 964 (2024).

Petitioner was originally sentenced to thirteen to forty years in prison but his counsel moved for re-sentencing on the ground that an amended supplemental information charging Petitioner with being a fourth felony habitual offender was untimely filed and that the original supplemental information only supported a third felony habitual offender charge because one of the offenses in the original

supplemental information was a misdemeanor not a felony. Petitioner was re-

sentenced to twelve to forty years in prison.

As mentioned above, Petitioner's conviction was affirmed on appeal.

Petitioner seeks a writ of habeas corpus on the following grounds: (1) the

evidence was insufficient to convict, and (2) the sentence was disproportionate.

## II. Standard of Review

Title 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State
> court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> (1)   resulted in a decision that was contrary to, or
>       involved an unreasonable application of, clearly
>       established Federal law, as determined by the
>       Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an
>       unreasonable determination of the facts in light of
>       the evidence presented in the State court
>       proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

3

*Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011).  To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 103.

### III. Discussion

### A.    Claim # 1. The insufficiency of evidence claim.

Petitioner first argues that there was insufficient evidence of force or coercion to support his conviction for first-degree criminal sexual conduct.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could

4

reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted) (emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Under Michigan law, first-degree criminal sexual conduct is committed when there is an intrusion into the genital or anal opening of another person under one of the enumerated circumstances in the first-degree criminal sexual conduct statute. *See Farley v. Lafler,* 193 F. App'x 543, 548 (6th Cir. 2006). Petitioner was charged with first-degree criminal sexual conduct under the theory that the sexual penetration was accomplished through force or coercion. To convict a defendant under this theory, the prosecution must prove that the defendant accomplished the sexual penetration through force or coercion. "'Force or coercion includes but is not limited to' physical force or violence, threats of force, threats of retaliation, inappropriate medical treatment, or concealment or surprise." *People v. Brown*, 197 Mich. App. 448, 450 (1992) (quoting Mich. Comp. Laws, § 750.520b(1)(f)). "Force or coercion is not limited to physical violence but is instead determined in light of all the circumstances." *Id.*

Petitioner argues that the evidence supported his testimony that the penetration of the victim's anus was brief and accidental rather than intentional. Petitioner cites to alleged inconsistencies in the victim's testimony, including the fact that she did not immediately report the assault to the police or go to the hospital, that she only reported the sexual assault once police pulled her brother over for a traffic violation, that she did not make direct eye contact during the medical examination, and that she gave differing accounts concerning the length of the sexual assault.  Petitioner also argues that no evidence was presented that any force or coercion occurred, pointing out the medical examiner's testimony that the victim's anal tear could have happened during consensual sex.  Petitioner finally alludes to statements made by the trial judge at the initial sentencing and at resentencing that suggest the judge thought the evidence was insufficient to convict, in particular his comments that "I listened to the entirety of the testimony and I think ... that it can be argued that reasonable minds may be able to disagree as to some aspects of the case," and "I may have some differences of opinion [regarding what the evidence shows]."  *People v. Jones*, 2022 WL 723214, at *2.

The Michigan Court of Appeals rejected Petitioner's claim as follows:

> Viewing the evidence in a light most favorable to the prosecutor, we conclude that sufficient evidence was presented for reasonable jurors to find the force or coercion element satisfied beyond a reasonable doubt. The victim testified that she previously denied defendant's requests to engage in anal sex on multiple occasions, including shortly before the incident at issue,

7

> but he penetrated her anus anyway.  *See People v
> Carlson*, 466 Mich 130, 135; 644 NW2d 704 (2002)
> ("when a victim refuses to engage in sexual activities and
> the defendant ignores the refusal and penetrates the
> victim anyway, sufficient evidence exists to satisfy the
> force or coercion requirement") (quotation marks and
> citation omitted).  He did so after grabbing hold of the
> victim and abruptly turning her over.  And despite her
> cries and protests in the moment, the victim stated that
> "[i]t felt like, yeah, he was trying to push it in more."
> These circumstances are sufficient to qualify as force or
> coercion because defendant overcame the victim through
> both surprise and the actual application of physical force.
> Furthermore, additional evidence introduced could have
> been found to corroborate portions of the victim's
> testimony.  Both the medical examiner and the police
> officer responding to the victim's report of assault
> testified to the victim's description of events in the hours
> and days immediately following the incident, which was
> largely consistent with the victim's trial testimony.

(*Id*.)

The Michigan Court of Appeals' rejection of Petitioner's sufficiency of evidence claim was reasonable, precluding habeas relief.  The victim testified that Petitioner sexually penetrated her anus against her consent and continued to do so after she said no. The victim also testified that she had previously rejected Petitioner's requests to engage in anal sex on numerous occasions.  The victim's testimony, if believed, was sufficient to establish the elements of force or coercion to support Petitioner's first-degree criminal sexual conduct conviction.

Much of Petitioner's insufficiency of evidence argument involves attacks on the victim's credibility and the lack of corroborating evidence.

Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* Indeed, the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence which establishes the elements of the offense beyond a reasonable doubt. *Brown v. Davis,* 752 F.2d 1142, 1144-1145 (6th Cir. 1985).

Petitioner's insufficiency of evidence claim rests primarily on an allegation of the victim's credibility, which is the province of the jury. Petitioner is therefore not entitled to habeas relief on this claim. *See Tyler v. Mitchell,* 416 F.3d 500, 505 (6th Cir. 2005).

Additionally, the fact that the victim's testimony was purportedly uncorroborated does not render the evidence in this case insufficient. Under Michigan law, a "complainant's testimony can, by itself, be sufficient to support a conviction of CSC." *People v. Szalma*, 487 Mich. 708, 724 (2010). The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's conviction. *See United States v. Howard,* 218 F.3d 556, 565 (6th Cir. 2000) (citing

9

*Gilbert v. Parke,* 763 F.2d 821, 826 (6th Cir. 1985)).  The victim's testimony that Petitioner sexually penetrated her using force and coercion to accomplish the act was sufficient to sustain Petitioner's first-degree criminal sexual conduct conviction, notwithstanding the alleged lack of additional evidence to corroborate the victim's testimony.  *See O'Hara v. Brigano,* 499 F.3d 492, 500 (6th Cir. 2007).

Petitioner also argues that the evidence was insufficient to convict because he testified at trial that the sexual penetration was accidental.  A federal court reviewing a state court conviction on habeas review that is "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."  *Cavazos,* 565 U.S. at 7 (quoting *Jackson v. Virginia,* 443 U.S. at 326).  This Court must presume that the trier of fact resolved these conflicts in favor of the prosecution and defer to that resolution.

Finally, to the extent that Petitioner claims that the evidence is insufficient to convict because of comments made by the judge at the sentencings, the Michigan Court of Appeals discounted this argument because it is their duty to review sufficiency of evidence claims *de novo* and because the trial judge's comments on the sufficiency of evidence were ambiguous when elsewhere he states "I take no issue with what the jury concluded in this case.  They saw fit, twelve of them[,] to find you guilty as charged and I stand by that verdict and you're going to live with

10

the consequences of that verdict." *People v. Jones,* 2022 WL 723214, at *3.  At

resentencing the trial court again stated: "I have no quarrel with what the jury

did.... [T]hey decided the case based on the facts. They found [defendant] guilty

beyond a reasonable doubt and that's kind—that's the way it is."(*Id.*)

Assuming that the trial judge had doubts about the victim's credibility, this

Court should not defer to the state trial judge's alleged pro-petitioner resolution

because the AEDPA's standard of review is a "precondition to the grant of habeas

relief [ ], not an entitlement to it." *See Daniels v. Lafler*, 501 F.3d 735, 740 (6th

Cir. 2007).  Petitioner is not entitled to relief on his first claim.

**B**.      **Claim # 2. The disproportionate sentencing claim**.

Petitioner next argues his sentence of twelve to forty years was

disproportionate to the offense and to him as the offender.

Petitioner fails to state a claim for federal habeas relief.  The United States

Constitution does not require that sentences be proportionate.  In *Harmelin v.*

*Michigan*, 501 U.S. 957, 965 (1991), a plurality of the United States Supreme

Court concluded that the Eighth Amendment does not contain a requirement of

strict proportionality between the crime and sentence.  The Eighth Amendment

forbids only extreme sentences that are grossly disproportionate to the crime.  *Id.* at

1001.  Furthermore, a sentence within the statutory maximum set by statute does

not normally constitute cruel and unusual punishment.  *Austin v. Jackson,* 213 F.3d

298, 302 (6th Cir. 2000).

Courts reviewing Eighth Amendment proportionality claims must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949). Moreover, federal courts generally do not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1015 (E.D. Mich. 2002). Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

Petitioner's sentence of twelve to forty years in prison was within the statutory limits for the crime of first-degree criminal sexual conduct, which carries a maximum life sentence and was thus not excessively disproportionate. *See e.g. Stadler v. Curtin*, 682 F. Supp. 2d 807, 829-30 (E.D. Mich. 2010) (State court's determination that sentence of twenty-five to forty years for first degree criminal

12

sexual conduct was not disproportionate, and thus did not violate petitioner's

Eighth Amendment rights, was not contrary to, and did not involve an

unreasonable application of, clearly established federal law and thus did not

warrant federal habeas relief, where sentence fell within statutory limits).

Finally, Petitioner's sentencing guidelines were set at 108 to 180 months

(nine to fifteen years). *People v. Jones*, 2022 WL 723214, at *4. Petitioner's

minimum sentence was twelve years. In Michigan, sentences within a correctly

scored guidelines range are presumptively proportionate. *Hastings v. Yukins,* 194

F. Supp. 2d 659, 673-674 (E.D. Mich. 2002) (citing to *People v. Bailey*, 218 Mich.

App. 645, 647 (1996)). Because Petitioner's sentence for the first-degree criminal

sexual conduct conviction was within the statutory range for the offense, as well as

within the recommended sentencing guidelines range, he is not entitled to habeas

relief for this sentence. *Id.* Petitioner is not entitled to relief on his second claim.

## IV. Conclusion

Before Petitioner may appeal this Court's dispositive decision, a certificate

of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).

A certificate of appealability may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). When a court rejects a habeas claim on the merits, the substantial

showing threshold is met if the petitioner demonstrates that reasonable jurists

would find the district court's assessment of the constitutional claim debatable or

wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.  *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).  However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal.  *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V.  ORDER

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DENIED**.  It is further ordered that a certificate of appealability is **DENIED**.  Petitioner will be **GRANTED** leave to appeal *in forma pauperis*.

Date: November 18, 2024

<u>s/F. Kay Behm</u>
F. Kay Behm
United States District Judge

14